﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/27/19

DOCKET NO. 190218-11633
DATE: September 30, 2019

REMANDED

Entitlement to service connection for a right knee disability is remanded.

Entitlement to service connection for left knee disability is remanded.

Entitlement to service connection for a right ankle disability is remanded.

Entitlement to service connection for a left ankle disability is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Marine Corps from April 1997 to April 2001. The Board notes that the rating decision on appeal was issued by an Agency of Original Jurisdiction (AOJ) in July 2016, and in July 2018, the Veteran elected the modernized review system. See 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Direct Review lane when she opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form in February 2019. The Veteran’s Form 9 indicates that she did not request a Board hearing.

1. Entitlement to service connection for a right knee disability is remanded.

2. Entitlement to service connection for left knee disability is remanded.

3. Entitlement to service connection for a right ankle disability is remanded.

4. Entitlement to service connection for a left ankle disability is remanded.

Unfortunately, the Veteran’s service connection claims for bilateral knee and bilateral ankle disabilities must be remanded for further development. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran’s claims so that she is afforded every possible consideration.

The Veteran has been diagnosed with arthritis of the bilateral knees and achilles tendonitis of the bilateral ankles, all of which she contends warrant service connection as the onset of these conditions began during her active military service. 

In July 2017, the Veteran underwent a VA examination which culminated in a report finding it less likely than not that the Veteran’s bilateral knee disabilities are causally related to her service-connected bilateral foot or low back disabilities because the record contains no evidence of chronic compensatory changes in her gait or stance that would cause her bilateral knee condition. The July 2017 VA examiner concluded, without elaboration, that the Veteran’s current bilateral knee condition is more likely due to her post-service civilian activities, such as working as security officer and extensive walking on concrete.

The Veteran also underwent a July 2017 VA examination culminating in a report finding it less likely than not that the Veteran’s bilateral ankle disabilities are causally related to her service-connected bilateral foot or low back disabilities because the record contains no evidence of a bowing effect on the achilles tendon or of compensatory changes from her back that would lead to her bilateral ankle condition. The July 2017 VA examiner again concluded, without elaboration, that the Veteran’s current bilateral ankle condition is more likely due to her civilian activities such as extensive walking on concrete as a security officer.

However, neither July 2017 VA examination report addresses whether the Veteran’s bilateral knee and bilateral ankle disabilities are entitled to direct service connection. See 38 C.F.R. § 3.303(d). Nor did either July 2017 VA examination report address the Veteran’s contention that the symptoms of her bilateral knee and bilateral ankle disabilities onset during service or provide a rationale as to why her current conditions are more likely due to her post-service civilian activities such as extensive walking on concrete as a security officer. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

When VA undertakes to provide a VA examination or obtain a VA medical opinion, it must ensure that the examination or opinion is adequate, see Barr v. Nicholson, 21 Vet. App. 303, 310-11 (2007), which in this context requires a sufficient explanation of a medical expert’s judgment on a medical question, reliance upon accurate factual premises, including the Veteran’s lay statements regarding symptomatology, consideration of all potential theories of entitlement, and a fully articulated, sound rationale. See Nieves-Rodriguez, 22 Vet. App. at 304; see Roberson v. Principi, 251 F.3d 1378, 1384 (Fed. Cir. 2001). Moreover, the reliance by a medical opinion the absence of evidence in the Veteran’s service treatment records contravenes applicable VA regulations and precedential case law allowing the award of direct service connection where supported by sufficient evidence. See Dalton v. Nicholson, 21 Vet. App. 23, 39 (2007); 38 C.F.R. § 3.303(d).

Accordingly, in the absence of an adequate nexus opinion, the current record before the Board lacks competent evidence sufficient to determine the etiology of the Veteran’s current bilateral knee and bilateral ankle disabilities. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). Therefore, the Veteran’s claims must be remanded for another VA examination to determine whether the Veteran’s bilateral knee and bilateral ankle disabilities are related to her active military service and thus entitled to service connection on any basis. See Barr, 21 Vet. App. at 311.

Accordingly, these matters are REMANDED for the following action:

1. Obtain any outstanding private or VA treatment records and associate all such records with the electronic claims file. The AOJ should undertake the appropriate efforts to obtain and associate with the claims file any outstanding service treatment records, as well as any relevant and outstanding VA or private treatment records. If any records sought are not obtained, a written statement to that effect should be incorporated into the record.

2. After the above development and any additionally indicated development has been completed, schedule the Veteran for a VA examination with an appropriate clinician to determine the nature and etiology of the Veteran’s claimed bilateral knee disabilities. The entire claims folder should be made available and reviewed by the examiner. All indicated studies should be performed and all findings should be reported in detail.

The examiner is requested to provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s current bilateral knee disabilities were caused or aggravated by the Veteran’s active military service, to include whether they are causally related to or aggravated by the Veteran’s service-connected low back or bilateral foot disabilities.

The examiner is also requested to address the Veteran’s contentions regarding the onset of her bilateral knee condition during service.

The examiner must include a rationale with all opinions, citing to supporting clinical data/medical literature as appropriate.

3. After the above development and any additionally indicated development has been completed, schedule the Veteran for a VA examination with an appropriate clinician to determine the nature and etiology of the Veteran’s claimed bilateral ankle disabilities. The entire claims folder should be made available and reviewed by the examiner. All indicated studies should be performed and all findings should be reported in detail.

The examiner is requested to provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s current bilateral ankle disabilities were caused or aggravated by the Veteran’s active military service, to include whether they are causally related to or aggravated by the Veteran’s service-connected low back or bilateral foot disabilities.

The examiner is also requested to address the Veteran’s contentions regarding the onset of her bilateral ankle condition during service.

The examiner must include a rationale with all opinions, citing to supporting clinical data/medical literature as appropriate. 

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Marsdale, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.